Plaintiff brought suit to recover the sum of $1,412.70 alleged to be due by defendant for labor, materials and machinery furnished between dates of September 26th and October 15th, 1947. A writ of attachment was issued upon showing of the nonresidence of defendant. In answer defendant denied the indebtedness and reconvened for the sum of $11,309.30 alleged to be the amount of damages resulting from the false representations, fraud, bad faith, defective materials and inefficiency of plaintiff. After trial there was judgment in favor of plaintiff as prayed for and further judgment in favor of defendant on his reconventional demand in the sum of $500.00 as a credit against plaintiff's claim. From this judgment both parties have appealed.
The facts show that in the early part of September, 1947, defendant undertook a contract for the construction of a pipeline between Springhill and the Haynesville oil field, a distance of 17.15 miles, more or less; that while engaged in the construction of the line the engine of defendant's ditch digger broke down and plaintiff was called upon to repair the engine by furnishing a new block assembly and performing such other services as might be required; that the repaired engine was operated for some ten days, during which its service was unsatisfactory, until it reached a point of such lack of efficiency that it could no longer be used, whereupon plaintiff was again called upon to repair the trouble; that the work of assembling and installing *Page 811 
a second engine was completed about October 11th and additional repairs found necessary were made, after which, on October 12th, the job of overhauling, repairing and installation was finally completed.
Defendant's reconventional demands are made up of items comprehending loss of time, rental of a ditching machine during the period of repairs, loss of salaries and wages paid to employees, and loss of time alleged to have been due to the faulty performance of the engine between dates of October 12th and November 4th, 1947.
With regard to the plaintiff's claims, we find, as did the District Judge, that the record established the furnishing of labor and material charged in the amount claimed, and it therefore follows that the judgment in favor of plaintiff is correct. The only remaining question bears upon the correctness of the judgement as to the reconventional demands of defendant. Before this Court defendant urges that the amount of his judgment in reconvention should be increased from the sum of $500.00 to the sum of $7,608.10.
On the other hand, it is strenuously contended on behalf of plaintiff, who has appealed from this part of the judgment, that the trial Court erred in allowing the sum of $500.00 on defendant's reconventional demand.
The real facts are difficult of certain ascertainment by reason of the violent conflict in the testimony of the witnesses tendered by plaintiff and defendant, respectively. Reducing the points of difference to the simplest material elements, we find that there are equitable considerations on both sides of the dispute. Study of the record leaves us in no doubt as to the fact that plaintiff's work was not satisfactory. On the other hand, we are as firmly convinced that a considerable degree of the difficulties experienced were due to the fault of defendant.
We think the record bears out the conclusion that, in large measure, the unsatisfactory performance of the machines repaired by plaintiff was due to the practice of defendant's operator in neglecting to use an air screen or cleaner. As a result dust and dirt entered the working parts of the engine and unquestionably caused appreciable damage. Examination of the pistons and rings disclosed the fact that the latter was so badly worn that the engine could not operate efficiently. This wearing was caused by the abrasive action of dust and dirt which were permitted to enter the machine as the result of the negligence of defendant's employees.
The record satisfactorily establishes the fact that engine breakdowns are not uncommon as the result of the heavy work and hard wear and tear incident to operation of the nature in which defendant was engaged. As a matter of fact, interruption of operations due to mechanical defects are more or less expected. We do not find that plaintiff has been at fault with respect to the delays occasioned by the time consumed in the repairs to the engine and defendant has failed to establish any agreement or obligation on the part of plaintiff to undertake and complete the necessary repairs within a given time limit.
Defendant has failed to prove by the requisite preponderance of evidence the gravamen of his charges of bad faith, fraud and deceit, but he has established the fact that the repairs attempted by plaintiff's employees were not of the proper quality and efficient nature which he had the right to expect. It therefore follows that defendant is entitled to some consideration in the nature of a reduction in price. The district Judge fixed this amount in the sum of $500.00, and though he did not state the basis of computation which enabled him to arrive at this figure, we find no justification for disturbing his conclusion.
Under the circumstances presented, finding no manifest error of fact in the judgment appealed from, the same is affirmed at appellant's cost. *Page 812